UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JOSEPH PROBY AND MARY PROBY                                   PLAINTIFFS

V.                                      CIVIL ACTION NO. 1:06cv934-LTS-RHW

ALLSTATE PROPERTY AND CASUALTY                               DEFENDANTS
INSURANCE COMPANY AND JOHN DOES 1-10

**ORDER**

This cause is before the Court on Defendant Allstate Property and Casualty Insurance Company's (Allstate) [70] Motion for Judgment on the Pleadings on Counts Five and Six of the First Amended Complaint.  This Court recently [57] denied Allstate's Motion to Strike the First Amended Complaint, granted a continuance of the scheduled trial, and struck (without prejudice) Plaintiffs' [34] Second Amended Complaint.

Consistent with the Magistrate's earlier directions, Plaintiffs filed a [21] First Amended Complaint, which includes charges of Waiver and Estoppel (Count Five) and Fraudulent Claims Practices (Count Six).  Within two weeks of the Court's [57] order, Allstate on the same day filed the instant [70] motion and an [72] Answer to the First Amended Complaint.  The answer offered general denials to the allegations of counts five and six

This Court observed in [57] that it

has no intention to limit Plaintiffs' claims or remedies, so long as they are asserted in a procedurally correct manner (*see*, *e. g.*, Fed. R. Civ. P. 9(b)) and can be supported by admissible evidence.  At the same time, the Court has no interest in watching or umpiring a pleadings game that is played for a particular moment's tactical purpose without regard to the overall goal of a just, speedy, and inexpensive determination of every action.  *See* Fed. R. Civ. P. 1 and 16.

Allstate now complains, among other things, that Count Six fails to satisfy Rule 9(b)'s heightened pleading requirement.  Yet this did not prevent Allstate from formulating a responsive pleading, and it just as easily could have resorted to a motion for more definite statement as allowed by Fed. R. Civ. P. 12(e).

As Allstate points out, the standard for considering a motion under Fed. R. Civ. P. 12(c) is the same as applied to a Rule 12(b)(6) motion: judgment on the pleadings and dismissal for failure to state a claim under which relief can be granted are appropriate only if Plaintiffs can prove no set of facts in support of their allegations that would entitle them to relief.  *Conley v.*

*Gibson*, 355 U.S. 41 (1957).  At this stage of the litigation, this Court will not dismiss the claims involving waiver and estoppel or fraudulent claims practices; these issues can be addressed more suitably as the case management process goes forward.  It should also be kept in mind that, in striking the Second Amended Complaint in [57], the Court indicated a willingness to allow (indeed, it expressly did not foreclose) further pleading.  This does not mean that Plaintiffs should follow that course, or that they are out of the woods on counts five and six.  It merely calls into further question the propriety of entering a judgment on the pleadings.  To quote from [57] once again, "[t]he Court repeats its expectation and anticipation of real cooperation from all counsel to determine the identity of . . . questions of law or fact which may exist . . . beyond the limited scope of what was attempted here."

Accordingly, **IT IS ORDERED**:

Allstate's [70] Motion for Judgment on the Pleadings on Counts Five and Six of the First Amended Complaint is **DENIED**.

**SO ORDERED** this the 4th day of January, 2007.

s/ *L. T. Senter, Jr.*

L. T. Senter, Jr.
Senior Judge